# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-644

**RICKY J. MATTE, ET AL.**

**VERSUS**

**ROBERT BROWN, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 07-C-1815-A
HONORABLE JAMES P. DOHERTY, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JIMMIE C. PETERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Jimmie C. Peters, and James T. Genovese, Judges.

**AFFIRMED.**

**Thomas A. Thomassie, IV**
**Domengeaux Wright Roy & Edwards, LLC**
**P. O. Box 3668**
**Lafayette, LA 70502-3668**
**(337) 233-3033**
**COUNSEL FOR DEFENDANTS/THIRD-PARTY**
**PLAINTIFFS/APPELLANTS:**
    **Robert Brown**
    **Doris Brown**
    **Samuel Brown**

**David J. Ayo**
**Allen & Gooch, a Law Corporation**
**P.O. Box 81129**
**Lafayette, LA 70598-1129**
**(337) 291-1450**
**COUNSEL FOR THIRD-PARTY DEFENDANTS/APPELLEES:**
    **Paul E. Brown**
    **Paul E. Brown, Attorney At Law, LLC**

**Bruce A. Gaudin**
**100 West Bellevue Street**
**Opelousas, LA 70570**
**(337) 948-3818**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Ricky J. Matte**
    **Larry Joseph Matte**
    **James Terry Matte**
    **Charles Kenneth Matte**
    **Jeanelfia Brown Matte**

**John H. Pucheu**
**Pucheu, Pucheu & Robinson, LLP**
**P.O. Box 1109**
**Eunice, LA 70535-1109**
**(337) 457-9075**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Dorris Lynn Fontenot**

**PETERS, J.**

Robert Brown, Doris Brown, and Samuel Brown (hereinafter sometimes referred to as "the Browns") appeal a trial court judgment granting summary judgment in favor of Paul E. Brown (Paul Brown) and Paul E. Brown, Attorney at Law, LLC (Brown LLC), dismissing their demands for damages. For the following reasons, we affirm the trial court judgment.

## DISCUSSION OF THE RECORD

The issue before us involves the execution of a cash sale deed on November 9, 2006, wherein Louis Merhige sold Robert and Doris Brown, who are husband and wife, a 2.22 acre tract of land located in Section 30, Township 6 South, Range 2 East of St. Landry Parish, Louisiana. Paul Brown, who is a Eunice, Louisiana attorney and the nephew of Robert Brown, acted as the notary public in the execution of that cash sale deed, and the property description contained in the deed was derived from an August 26, 2006 survey plat prepared by Ryan J. Fuselier, a land surveyor. The survey plat had been prepared by Mr. Fuselier for Samuel Brown, the son of Robert and Doris Brown; was referenced in the property description contained in the cash sale deed; and a copy was attached to, and made a part of, the document. At some point later, Samuel Brown moved a structure onto a part of the 2.22 acres.

This property transaction gave rise to an April 11, 2007 petitory action filed against the Browns[1] by five landowners,[2] who claimed in their petition that the 2.22 acre tract of land acquired by the Browns was located within a 4.44 acre tract of

---

[1] Robert Brown and Doris Brown were initially named as defendants by the landowners. However, the landowners later supplemented their petition to add Samuel Brown as an additional defendant.

[2] Ricky J. Matte, Larry Joseph Matte, James Terry Matte, Charles Kenneth Matte, and Jeanelfia Brown Matte are the plaintiffs in the petitiory action.

land owned by them. The landowners further asserted in their petitory action that they and their ancestors in title had enjoyed uninterrupted possession of the 4.44 acres since 1928.

Paul Brown and Brown LLC initially represented the Browns in the petitory action, but withdrew as their counsel of record on May 22, 2008. The pleadings giving rise to the issue now before us arise in the form of third-party demands against Paul Brown and Brown LLC, which were incorporated into the answers filed by the Browns in response to the landowners' pleadings.[3] The basic assertion in the third-party demand filed by Robert and Doris Brown is that Paul Brown and Brown LLC are liable to them in damages because they relied on his legal advice in purchasing the property and in placing a structure on the property. Samuel Brown's third-party demand asserted that Paul Brown and Brown LLC were liable to him in damages for the same legal advice given to his parents.

On July 29, 2010, the trial court executed a judgment dismissing the landowners' principal demand against the Browns based on a compromise agreement entered into by the litigants. However, the litigants did not file a copy of the compromise in the record.

Paul Brown and Brown LLC responded to the third-party demands and filed two unsuccessful motions for summary judgment before filing the motion now before this court.[4] On January 16, 2014, Paul Brown and Brown LLC filed the

_____

[3] When Paul Brown represented the Browns, the pleadings filed were in all three names. However, after Paul Brown withdrew as counsel of record, Robert and Doris Brown responded to the litigation together and Samuel Brown filed separate pleadings in his name.

[4] In the first summary judgment motion filed March 11, 2010, Paul Brown and Brown LLC sought to have the third-party demands dismissed based on the peremption provisions of La.R.S. 9:5605. The trial court rejected this motion by a judgment executed May 14, 2012, and this court denied their application for supervisory writs in an unpublished opinion rendered on September 18, 2012. *Matte v. Brown*, 12-609 (La.App. 3 Cir. 9/18/12). By the time the second summary judgment was filed on October 16, 2012, the Browns had settled with the landowners, and in that motion, Paul Brown and Brown LLC sought to have the third-party demands

summary judgment motion now before us. In that motion, they asserted that the Browns' third-party demands should be dismissed because they have failed to pursue their claims against Louis Merhige for warranty of title as provided for in the cash sale deed. The summary judgment motion was heard on February 21, 2014, and the trial court took the issue under advisement. On March 17, 2014, the trial court issued written reasons for judgment granting the motion for summary judgment and dismissing all of the Browns' third-party claims against Paul Brown and Brown LLC. The trial court executed a judgment to that effect on March 5, 2014, and thereafter, the Browns perfected this appeal.

In their appeal, the Browns raise two assignments of error:

1. The lower Court erred when it determined that a buyer must sue a seller in warranty, otherwise the buyer is legally prohibited from recovering in a legal malpractice action.

2. The lower Court erred when it granted the Motion for Summary Judgment, effectively dismissing the case, rather treating than it [sic] as an untimely exception of prematurity or the exception of nonjoinder of a party under Articles 641 and 642.

## OPINION

The appellate review of summary judgment is well settled. *Bourque v. Transit Mix*, 13-1390 (La.App. 3 Cir. 5/7/14), __ So.3d __. "Appellate review of the granting of a motion for summary judgment is *de novo*, using the identical criteria that govern the trial court's consideration of whether summary judgment is appropriate." *Smitko v. Gulf S. Shrimp, Inc.*, 11-2566, p. 7 (La. 7/2/12), 94 So.3d 750, 755.

---

dismissed because of this settlement. The trial court rejected this motion by a judgment executed November 17, 2012, and this court again denied their application for supervisory writs in an unpublished opinion rendered on April 4, 2013. *Matte v. Brown*, 12-1378 (La.App. 3 Cir. 4/2/13).

Although amended multiple times in the last three years, summary judgment proceedings are still favored and are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). That article further provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. If the motion for summary judgment is denied, the court should provide reasons for the denial on the record, either orally upon rendition or in writing sua sponte or upon request of a party within ten days of rendition.

La.Code Civ.P. art. 966(B)(2).

Moreover, the burden of proof remains the same:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

The most significant change to summary judgment procedure relates to the requirements of proof. Louisiana Code of Civil Procedure Article 966(F) (emphasis added) now provides:

> (1) A summary judgment may be rendered or affirmed *only as to those issues set forth in the motion* under consideration by the court at that time.

> (2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with

4

Subparagraph (3) of this Paragraph. *Only evidence admitted for purposes of the motion for summary judgment may be considered* by the court in its ruling on the motion.

(3) Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.

With regard to the elements of proof in a legal malpractice action, the supreme court stated the following in *Costello v. Hardy*, 03-1146, pp. 9-10 (La. 1/21/04), 864 So.2d 129, 138:

To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. *Finkelstein v. Collier*, 636 So.2d 1053, 1058 (La.App. 5 Cir.1994); *Barnett v. Sethi*, 608 So.2d 1011, 1014 (La.App. 4 Cir.1992), *writs denied*, 613 So.2d 993, 994 (La.1993). A plaintiff can have no greater rights against attorneys for the negligent handling of a claim than are available in the underlying claim. *See, e.g., Spellman v. Bizal*, 99-0723, p. 11 (La.App. 4 Cir. 3/1/00), 755 So.2d 1013, 1019; *Couture v. Guillory*, 97-2796, p. 7 (La.App. 4 Cir. 4/15/98), 713 So.2d 528, 532, *writ denied*, 98-1323 (La.6/26/98), 719 So.2d 1287.

In their January 16, 2014 motion for summary judgment, Paul Brown and Brown LLC do not address whether there existed an attorney-client relationship between Paul Brown and the Browns, nor do they address the negligence issues. Instead, they argue that even assuming the first two elements of the *Costello* analysis exists, the Browns cannot be successful in establishing that they suffered a loss from Paul Brown's negligence. In their motion for summary judgment, they identify the issue to be determined by the trial court as follows:

[T]he Third Party Demands against Paul Brown must be dismissed because the Browns have a right and obligation to call in their warranty against Merhige. Louisiana law does not permit a legal malpractice claim against an attorney when the claimant has otherwise viable and extant rights.

Thus, as required by La.Code Civ.P. art. 966(F)(1), the trial court's consideration of the summary judgment was limited to this issue. Additionally, they attached a

5

copy of the November 9, 2006 cash sale deed and survey plat to their motion and cited to that document in both their motion and memorandum in support of the motion. The Browns did not object to that exhibit, and it is "deemed admitted for the purposes of the motion for summary judgment" without further action on the part of Paul Brown and Brown LLC. La.Code Civ.P. art. 966(F)(2).

The cash sale deed specifically provides that Louis Merhige sold the 2.22 acres to Robert and Doris Brown "under all lawful warranties and with substitution and subrogation to all rights and actions of warranty against all preceding owners and vendors[.]" It further provides that "all the obligations herein assumed shall inure to the benefit of and be binding upon the heirs, successors and assigns of the respective parties hereto." Although the cash sale deed clearly establishes that Paul Brown was the notary public who executed the document, it also contains very specific language relative to the notary public's obligations with regard to its preparation and execution. Specifically, it provides:

> The description included herein has been provided by one or all of the parties hereto to Notary and Notary has been instructed to use same. Notary has performed no research as to correctness of said description, was not asked to do so, and makes no representation in that regard. Notary is hereby relieved of any obligations or liability in connection with said description.

Furthermore, it provides:

> Appearers recognized that, except to the extent separately certified in writing, no title examination of said property has been performed by the undersigned Notary for any parties hereto.

While the Browns' claims for legal malpractice assert that Paul Brown gave them erroneous legal advice, their assertions in that regard relate to the erroneous property description contained in the November 9, 2006 cash sale deed.

As discussed by the first circuit in *Leonard v. Reeves*, 11-1009, pp. 17-18 (La.App. 1 Cir. 1/12/12), 82 So.3d 1250, 1626:

6

Attorneys are obligated to scrutinize any contract that they advise their clients to execute, and are required to disclose the full import of the agreement and the possible consequences that may arise upon execution of it. *Ramp* [*v. St. Paul Fire & Marine, Ins. Co.*], 263 La. [774,] 786, 269 So.2d [239,] 244. Conversely, while a client certainly has the right to rely upon the informed advice of his attorney, an attorney has the reciprocal right to expect accurate and complete information from his client in formulating such advice and presenting his client's case. *See, e.g.,* *Brown v. Sanders*, 06-1171, p. 5 (La.App. 1st Cir.3/23/07), 960 So.2d 931, 935.

In its reasons for judgment, the trial court noted that the entire record was introduced into evidence.[5] However, with regard to the Browns, it particularly noted "their failure to offer any evidence to establish the existence of a writing requiring the notary public on the cash sale deed to perform a title examination; their failure to offer any evidence to establish the particulars of the compromise with the landowners; and their failure to provide evidence relative to any warranty action against Louis Merhige."

In summarizing its ruling, the trial court first concluded that the failure of the Browns to reserve their third-party rights against Paul Brown and Brown LLC in the compromise agreement with the landowners adversely affected and impacted their ability to recover from Paul Brown and Brown LLC. We find that conclusion to be in error as La.Code Civ.P. art. 1039 provides, "If an incidental demand has been pleaded prior to motion by plaintiff in the principal action to dismiss the principal action, a subsequent dismissal thereof shall not in any way affect the incidental action, which must be tried and decided independently of the principal action."

---

[5] While the record now before us contains a supplemental memorandum filed by Paul Brown and Brown LLC, which purports to "reply to the opposition of [the Browns] to Paul Brown's motion for summary judgment[,]" the record before us does not contain any opposition pleading filed by the Browns. Additionally, the record before us does not contain a transcript of the hearing on the motion for summary judgment, although, in its reasons for judgment, the trial court specifically discussed the content of the cash sale deed. Finally, we note that regardless of whether the "entire record" was introduced into evidence, the only evidence that can be considered by the trial court in a summary judgment proceeding are those particular documents designated in La.Code Civ.P. art. 966(A)(2).

However, the trial court then recognized the three requirements of proof in a legal malpractice claim and concluded that the summary judgment could not be based on the first two as they remained in dispute. The trial court then addressed the issue squarely before it and summarized that issue as follows:

> The Court found that based upon the case of *Costello versus Hardy*, 2003-1146 (La. 1/21/03), 864 So.2d 129, as well as the language of the deed whereby the original defendants/third party plaintiffs had acquired that property that the third party plaintiffs failed to produce factual support sufficient to establish that they would be able to satisfy the evidentiary burden of proof as to the element of causation at trial.
>
> The Court accepted the prior jurisprudence concerning that original defendants/third party plaintiffs' causes of action and warranty against their vendor (*Richmond versus Zapata Development Corp.*, 350 So.2d 875, 878-89 (La. 1977)) and failing to pursue the warranty against the third party petitioner's vendor that the third party claimants herein will not be able to carry their evidentiary burden of proving that it was the actions of the third party defendant, Paul Brown, that caused them damages in this matter and therefore granted the summary judgment.

The Browns argue on appeal that the trial court erred in concluding that they must seek relief in warranty from Louis Merhige before pursuing Paul Brown and Brown LLC for damages, and that it erred in granting a dismissal of their action for damages instead of considering the summary judgment motion as a dilatory exception of prematurity under La.Code Civ.P. art. 926(A)(1) or as a peremptory exception of nonjoinder of a party under La.Code Civ.P. art. 927(A)(4).

We find no merit in either of these assignments of error. Paul Brown and Brown LLC established by the evidence introduced in support of their motion for summary judgment that the Browns clearly had a warranty claim against Louis Merhige and, therefore, could collect their damages from him. Because the Browns would bear the burden of proof at the trial on the merits, the burden shifted to them "to produce factual support sufficient to establish that [they] will be able to

satisfy [their] evidentiary burden of proof at trial[.]" La.Code Civ.P. art. 966(C)(2). The Browns produced no evidence to overcome that burden. Following the decision in *Costello*, 864 So.2d 129, the trial court granted summary judgment. We find no error in that judgment.

With regard to the second assignment of error, we note that this litigation has been pending since the landowners filed their suit in April of 2007. While Paul Brown and Brown LLC could have pursued this issue through the filing of exceptions, they choose to pursue dismissal through the summary-judgment process. That is their choice. At the same time, the Browns have had all of these years to protect their warranty rights but, for whatever reasons, chose not to do so. Accordingly, we find no merit in their second assignment of error.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Paul E. Brown and Paul E. Brown, Attorney at Law, LLC, dismissing the claims of Robert Brown, Doris Brown, and Samuel Brown against them. We assess all costs of this appeal to Robert Brown, Doris Brown, and Samuel Brown.

**AFFIRMED.**