# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 15-418

**PAULA FORTENBERRY**

**VERSUS**

**CONTINENTAL CASUALTY COMPANY, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2005-560
HONORABLE RONALD F. WARE, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and David Kent Savoie, Judges.

**REVERSED AND REMANDED.**

**Roger G. Burgess**
**Kilburn S. Landry**
**Baggett, McCall, Burgess, Watson & Gaughan, LLC**
**3006 Country Club Road**
**Lake Charles, LA 70605**
**Telephone: (337) 478-8888**
**COUNSEL FOR:**
   **Plaintiff/Appellee - Paula Fortenberry**

**Emmett Cary Sole**
**Henry Alan McCall**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, L.L.P.**
**P. O. Box 2900**
**Lake Charles, LA 70602**
**Telephone: (337) 436-9491**
**COUNSEL FOR:**
   **Defendants/Appellants - Edward Kelly Bauman and Continental**
   **Casualty Company**

**THIBODEAUX, Chief Judge.**

Edward Bauman and his legal malpractice insurer, Continental Casualty Company (Continental), appeal the trial court's granting of partial summary judgments to the plaintiff, Paula Fortenberry, on the issue of liability alone. Finding that material issues of fact preclude summary judgment, we reverse the judgments of the trial court and remand the case for further proceedings consistent with this opinion.

I.

**ISSUE**

We must decide whether the trial court erred in granting the plaintiff's motions for partial summary judgment on liability alone against the defendant attorney and his insurer.

II.

**FACTS AND PROCEDURAL HISTORY**

Paula Fortenberry's vehicle was struck while stopped on the I-10 bridge in Lake Charles, Louisiana, on February 1, 2003. She contacted attorney Ed Bauman to represent her in a property damage and personal injury suit against the driver of the offending vehicle, Sammie Ruiz, and the owner of the vehicle, passenger Susan Strong, both of whom were Texas residents. On February 7, 2003, Strong's insurer, USAA Liability Insurance Company (USAA), paid for the minimal property damage to Fortenberry's vehicle. Mr. Bauman filed suit for Ms. Fortenberry in Lake Charles on February 6, 2004. USAA refused to settle the personal injury suit in Louisiana on the basis of prescription, though Mr. Bauman

argued that prescription had been interrupted by USAA's payment of the property damage on February 7, 2003. Mr. Bauman continued to negotiate with USAA on Ms. Fortenberry's behalf, citing Texas law favoring a timely suit in Texas, where the statute of limitation for personal injury is two years instead of one year. Mr. Bauman also attempted to locate a Texas attorney for Ms. Fortenberry. In the meantime, he suggested that she seek advice of other counsel.

In July 2004, Ms. Fortenberry contacted attorney Stephen Durio of Lafayette, who advised her to pursue her personal injury claim in Texas through a Texas attorney, as Mr. Bauman now had a conflict issue regarding the potential malpractice claim. Mr. Durio further advised Ms. Fortenberry that, given the uncertainty of whether she would ultimately be damaged by Mr. Bauman's error, he would not recommend a malpractice suit against Mr. Bauman at that time. Mr. Durio gave Ms. Fortenberry his suggested deadline in case she decided to pursue a malpractice claim against Mr. Bauman through another attorney. In August 2004, Mr. Bauman wrote Ms. Fortenberry advising her of her rights to sue him in malpractice or to directly contact Continental, his malpractice carrier. He also informed her that he was withdrawing as counsel in the Louisiana suit. Ms. Fortenberry did not pursue the personal injury claim in Texas.

In February 2005, Ms. Fortenberry filed a direct action lawsuit against Continental for all damages, including severe bodily injuries and psychological injuries, arising from the failure of attorney "John Doe" to file pleadings in a timely fashion.

Four years and nine months later, in November 2009, she filed a motion for partial summary judgment against Continental, which was heard and granted in 2010, though it was not designated as final by the trial court.

Subsequently, in September 2010, Ms. Fortenberry filed a supplemental petition naming Mr. Bauman as the (John Doe) defendant attorney in her lawsuit against Continental.

In October 2013, Ms. Fortenberry filed this motion for partial summary judgment against Mr. Bauman, which was heard and granted in 2014. At that time, by agreement, both partial summary judgments were certified as final by the trial court. Mr. Bauman and Continental appealed the judgments against them. We dismissed their appeal due to the defects in both judgments for lack of decretal language showing the relief granted. Because of the lack of finality bestowing jurisdiction on this court, we remanded the matter to the trial court for further proceedings. *See Fortenberry v. Continental Cas. Co.*, 14-953 (La.App. 3 Cir. 10/15/14), __So.3d __ (unpublished opinion). On remand, the trial court amended both judgments, stating that each was a partial summary judgment granted in favor of the plaintiff "as to liability only" against each respective defendant, Mr. Bauman and Continental, and certifying each judgment as final according to La.Civ.Code art. 1915(B)(1). For the reasons that follow, we reverse both summary judgments granted in this legal malpractice case.

III.

**STANDARD OF REVIEW**

The grant or denial of a motion for summary judgment is reviewed de novo, "using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of

law." *Samaha v. Rau,* 07-1726, pp. 3-4 (La. 2/26/08), 977 So.2d 880, 882-83 (citations omitted); La.Code Civ.P. art. 966.

## IV.

## <u>LAW AND DISCUSSION</u>

The elements of proof in a legal malpractice action have been well-established. The Louisiana Supreme Court stated the following in *Costello v. Hardy*, 03-1146, pp. 9-10 (La. 1/21/04), 864 So.2d 129, 138:

> To establish a claim for legal malpractice, a plaintiff must prove: 1) the existence of an attorney-client relationship; 2) negligent representation by the attorney; and 3) loss caused by that negligence. *Finkelstein v. Collier*, 636 So.2d 1053, 1058 (La.App. 5 Cir.1994); *Barnett v. Sethi*, 608 So.2d 1011, 1014 (La.App. 4 Cir.1992), *writs denied*, 613 So.2d 993, 994 (La.1993). A plaintiff can have no greater rights against attorneys for the negligent handling of a claim than are available in the underlying claim. *See, e.g., Spellman v. Bizal*, 99-0723, p. 11 (La.App. 4 Cir. 3/1/00), 755 So.2d 1013, 1019; *Couture v. Guillory*, 97-2796, p. 7 (La.App. 4 Cir. 4/15/98), 713 So.2d 528, 532, *writ denied*, 98-1323 (La. 6/26/98), 719 So.2d 1287.

Mr. Bauman and his insurer, Continental, contend that the trial court erred in granting partial summary judgments to Fortenberry on the issue of liability in Fortenberry's legal malpractice suit where Ms. Fortenberry failed to refute Mr. Bauman's evidence regarding the third prong of Ms. Fortenberry's malpractice claim. We agree.[1]

In the recent decision of *Matte v. Brown*, 14-644, pp. 4-5 (La.App. 3 Cir. 123/10/14), 154 So.3d 774, 777-78, which also turned on the third prong of the

---

[1]Because Continental's liability depends upon Mr. Bauman's liability, we will discuss Mr. Bauman's opposition to Ms. Fortenberry's motion for partial summary judgment first.

malpractice claim, this court outlined the criteria for obtaining summary judgment *in conjunction with* the criteria for legal malpractice, as follows:

> Although amended multiple times in the last three years, summary judgment proceedings are still favored and are "designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969." La.Code Civ.P. art. 966(A)(2). That article further provides:
>
> > The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. . . .
>
> La.Code Civ.P. art. 966(B)(2).
>
> Moreover, the burden of proof remains the same:
>
> > The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
>
> La.Code Civ.P. art. 966(C)(2).
>
> The most significant change to summary judgment procedure relates to the requirements of proof. Louisiana Code of Civil Procedure Article 966(F) (emphasis added) now provides:

(1) A summary judgment may be rendered or affirmed *only as to those issues set forth in the motion* under consideration by the court at that time.

(2) Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment unless excluded in response to an objection made in accordance with Subparagraph (3) of this Paragraph. *Only evidence admitted for purposes of the motion for summary judgment may be considered* by the court in its ruling on the motion.

(3) Objections to evidence in support of or in opposition to a motion for summary judgment may be raised in memorandum or written motion to strike stating the specific grounds therefor.

*Matte v. Brown*, 154 So.3d 774, 777-78 (emphasis added).

In this case, Mr. Bauman objected to Ms. Fortenberry's motion by presenting evidence that she could not be able to prove the third prong under *Costello*. Ms. Fortenberry put on no evidence to refute Mr. Bauman's evidence.

More specifically, Ms. Fortenberry presented her own affidavit, the attorney-client contract, and the personal injury petition proving that Mr. Bauman represented her and filed her lawsuit a year and five days after the accident. She also entered into evidence the August 2004 letter to her from Mr. Bauman regarding prescription. Mr. Bauman opposed Fortenberry's motion arguing that material issues of fact regarding Ms. Fortenberry's damages precluded summary judgment. In addition to his own affidavit, Mr. Bauman presented the affidavit of the owner of the vehicle, Susan Ivy Strong, stating that Ms. Fortenberry was outside her vehicle standing on the bridge at the time of impact.

6

Mr. Bauman also presented the deposition of the driver of Ms. Strong's vehicle, Sammie Ruiz, who stated seven times in his deposition that Ms. Fortenberry was outside her vehicle at the time of impact. While Ms. Strong was less committal in her deposition than in her affidavit regarding Ms. Fortenberry's location at the time of impact, Mr. Ruiz, who was driving the car and braced for the sudden impact, was unequivocal that Ms. Fortenberry was on her feet on the bridge at the time of impact. Mr. Ruiz testified that no one was in the Lincoln Town Car and that Ms. Fortenberry was rendering aid to the person in the car in front of her when Mr. Ruiz came over the crest of the bridge and saw her for the first time. In Ms. Strong's deposition, she testified that Ms. Fortenberry showed no sign of injury and was "affable" in her demeanor, asking if the people in Strong's vehicle were okay, since Strong's Saturn was crumpled, smoking, and totaled, and had to be towed away. Strong said she and Fortenberry actually joked about the Lincoln being a tank, as it only had a couple of dents in the bumper. Strong further testified that she asked Ms. Fortenberry to open and close the trunk of the Lincoln, which she was able to do without problem. She further stated that Ms. Fortenberry drove her Lincoln away once the police cleared the accident scene.

Based upon the above evidence, Mr. Bauman asserts that a serious factual issue exists regarding whether Ms. Fortenberry was even in the Lincoln Town Car when it was rear-ended by Ms. Strong's Saturn, thereby precluding summary judgment against him on liability. Ms. Fortenberry offered absolutely no evidence on her motion for summary judgment to counter Mr. Bauman's evidence or show that she could be able to prevail at trial on damages. Her position is that Mr. Bauman's evidence on the third prong is irrelevant, because she proved the first two prongs for legal malpractice, representation and negligence. She argues

that nothing further was required to obtain a judgment on liability alone. We disagree.

In *Costello*, which also turned on the third prong of the malpractice claim, the supreme court held that the plaintiff could not establish allegations of negligence against the defendant attorney where she failed to produce any factual support for her damage claim in legal malpractice. Thus, in legal malpractice claims, liability for negligence does not attach until the third prong is proved. In discussing the burden of proof in La.Code Civ.P. art. 966(C)(2), the supreme court quoted Paragraph (C)(2), and stated as follows:

> This court has explained the effect of the 1997 amendment as follows:
>
>> This amendment, which closely parallels the language of *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, *the party who bears the burden of persuasion at trial* (usually the plaintiff) *must come forth with evidence* (affidavits or discovery responses) *which demonstrates he or she will be able to meet the burden at trial.* Once the motion for summary judgment has been properly supported by the moving party, *the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.* [Citations omitted.]

*Costello*, 864 So.2d at 137-38 (quoting *Babin v. Winn-Dixie Louisiana, Inc.*, 00-78, p. 4 (La. 6/30/00), 764 So.2d 37, 39-40) (emphasis added).

As shown above, liability does not attach against an attorney for malpractice until it is shown that the plaintiff could have prevailed on the underlying suit but for the negligence of the attorney. Also as shown above, summary judgment is only proper if *the non-moving party fails to produce evidence of a material factual dispute regarding an essential element of the mover's claim.* And here, Mr. Bauman produced evidence of a material factual dispute regarding Ms. Fortenberry's ability to prove damages.

Ms. Fortenberry contends that she does not have to address the third prong regarding the success or failure of the underlying suit because that burden was shifted to the defendant attorney in *Jenkins v. St. Paul Fire and Marine Ins. Co.*, 422 So.2d 1109 (La.1982). However, *Jenkins* did not involve a pre-trial motion for summary judgment that would prevent the inextricable and ultimate issue of liability in a legal malpractice case from reaching the jury.

In Jenkins, *after a trial on the merits and a jury verdict in favor of the plaintiff*, the trial court rendered an $87,000.00 judgment against two attorneys for the late filing of suit on behalf of a plaintiff who was struck by a train and woke up in the hospital. The second circuit reversed, finding that the plaintiff could not have recovered on the underlying suit because he was contributorily negligent. At that time, before comparative fault principles were legislated, a *negligent* plaintiff could not recover any amount from the tortfeasor. *Id*. The Louisiana Supreme Court affirmed the court of appeal and found in favor of the defendants. However, it announced that once the plaintiff proved the first two prongs, the burden of proving the third prong, that the plaintiff was not damaged by the attorney's negligence, was the burden of the defendant attorney. By stopping her analysis here, *where summary judgment is involved*, and where she is the moving party and

9

Mr. Bauman is the non-moving party, Ms. Fortenberry misapplies *Jenkins* and La.Code Civ.P. art. 966. Ms. Fortenberry cannot escape her burden of proving injuries at trial. Even if Mr. Bauman were charged with proving that his alleged negligence did not change the outcome, Ms. Fortenberry has to prove underlying injuries.[2]

Her misapplication of *Jenkins* is born out in *Costello* which involved legal malpractice *and* summary judgment, where the court found that *after* the defendant addressed the third prong, the burden shifted back to the plaintiff to show that she could prove damages at trial. There, where the moving party was the defendant attorney, the supreme court found that the attorney established that summary judgment was proper as to the third element of the plaintiff's malpractice claim. The court then stated: "At this point in the proceedings, the burden shifted to Mrs. Costello to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden at trial of proving damages sustained as a result of Hardy's alleged malpractice." *Costello*, 864 So.2d at 139. When Ms. Costello failed to produce any factual support for her damage claim, the court found that the defendants had met their evidentiary burden of negating an essential element of the plaintiff's claim, loss or damages.

---

[2]Ms. Fortenberry refers to a writ ruling from a panel of this court in 2013, but the earlier ruling does not support her position on summary judgment. More specifically, in 2013, the trial court supplied its hearing transcript as written reasons for an interlocutory ruling in favor of Continental and Bauman in 2011 that was never reduced to writing. The ruling granted the defendants' motion in limine and for declaratory judgment that Ms. Fortenberry had the burden of proof for all three prongs of the malpractice claim and was limited to the collectible amount in the underlying suit. Ms. Fortenberry filed a writ application with this court, docketed as *Fortenberry v. Continental Casualty Company*, 13-609. The writ was granted and the 2011 ruling was set aside. The writ panel provided a one-paragraph disposition stating the plaintiff's burden for all three prongs, citing *Costello*, but then indicated that the defendant attorney bears the burden of proving that the client could not have recovered on the underlying claim regardless of the attorney's negligence. The writ ruling did not address in any way a motion for summary judgment or partial summary judgment, which was not before the panel.

Here, because Mr. Bauman is not the mover asking to get out of the suit early on summary judgment, he does not have to show that Ms. Fortenberry's suit will certainly fail at trial. He only needs to show that there are material factual disputes regarding an essential element of the plaintiff's claim under *Costello*. *Jenkins* is inapposite because it does not address what happens after the defendant attorney addresses the third prong *before* a trial on the merits, raising a material issue of fact that the plaintiff then fails to refute. *Jenkins* is also distinguishable because it was rendered in a case where damages due to a collision with a train were never disputed. The plaintiff was hit by a train and woke up in a hospital. It was never argued that the plaintiff was not injured in the collision. There was an inference of damages in *Jenkins* that does not exist here. Mr. Bauman was not named in the malpractice suit until 2010, five years after it was filed in 2005. Mr. Bauman began to gather evidence in opposition to Fortenberry's motion for partial summary judgment filed against him in 2013, eight years after the suit was filed.

Unlike the jury verdict and clear evidence of underlying damages in Jenkins's collision with the train, here, we have affidavits and deposition testimony stating that Fortenberry was not in her vehicle at impact; that she was not cut or bruised or bleeding; that she said nothing about injuries; that she was "affable" in her demeanor and checking to see if people in front and in back of her were okay; that she opened and closed the trunk of her Lincoln and then drove her barely damaged car away after the accident. This evidence raises material issues of fact regarding whether the plaintiff was injured in the underlying accident, and the plaintiff made no effort to present evidence to the contrary on her motion for partial summary judgment.

We are cognizant that under La.Code Civ.P. art. 966(A), a plaintiff or a defendant may move for summary judgment for *part* of the relief requested; and that under La.Code Civ.P. art. 966(E), summary judgment may be rendered "dispositive of a particular issue" even though the judgment does not dispose of the entire case as to that party. However, where liability for legal malpractice does not attach until it is shown that the plaintiff suffered damages for which she would have recovered but for the attorney's mishandling of the suit, and where the attorney establishes a material issue of fact regarding the plaintiff's underlying damages, summary judgment was granted in error. The plaintiff cites no case where a motion for partial summary judgment was granted against an attorney on the issue of liability alone without addressing the third prong of the legal malpractice claim against the attorney.

Based on our analysis of the law pertaining to summary judgment in conjunction with the elements of a legal malpractice claim, we find questions of law and fact sufficient to preclude a finding of liability on summary judgment. In our de novo review, we further have questions regarding the fact that no exception of prescription was filed in the underlying suit until Ms. Fortenberry attempted to file one herself in her own suit in November 2009, over five years after Mr. Bauman told her that he could not represent her.

Because we find that material issues of fact and law preclude summary judgment on the damage prong of the plaintiff's claim against Mr. Bauman, we reverse the partial summary judgments on liability entered against Mr. Bauman and his insurer, Continental.

## V.

## <u>CONCLUSION</u>

Based upon the foregoing, we find that the trial court erred in granting partial summary judgments on the issue of liability to the plaintiff, Paula Fortenberry, against Edward Bauman and Continental Casualty Company. Accordingly, we reverse both partial summary judgments and remand to the trial court for further proceedings consistent with this opinion. Costs of this appeal are assessed to the plaintiff, Paula Fortenberry.

**REVERSED AND REMANDED.**