GAIDRY, J.
12This appeal is from a summary judgment dismissing the claims of a lessee in her suit for damages caused by a defect in the leased premises. We reverse.
FACTS AND PROCEDURAL HISTORY
On September 1, 2008, at the time Hurricane Gustav passed over the Baton Rouge area, Angelia Biggs was living in an apartment located in Baker, Louisiana, which was owned by Kathy Cancienne. The parties’ lease agreement contained the following waiver:

NON-LIABILITY OF LANDLORD—

Tenant agrees that Landlord shall not be liable for injury or damage to person *8 or property of Tenant, his family, guests, employees or invitees, occurring in, on or about the leased premises, or occurring anywhere in or on the apartment building or area in which the leased premises are located, or in or upon the grounds in which the apartment building or house is located, or in any other building or structure on said grounds, however caused or arising except by the direct negligence of Landlord, his agents or employees, and agrees to indemnify and hold Landlord harmless therefor.
Landlord will not be responsible for damage caused by leaks in the roof, by bursting pipes, by freezing or otherwise, or by any vices or defects of the leased property, or the consequences thereof, nor will Landlord be liable in damages for injury caused by any vices or defects of the leased property to Tenant, or any tenant or occupant, or to anyone in the building or on the premises, except in case of positive neglect or failure to take action toward the remedying of such defects within reasonable time after having written notice from Tenant of such defects and the damage caused thereby. Should Tenant fail to so notify Landlord promptly, in writing, of such defects, Tenant will' become responsible for any damage or injury resulting to Landlord or other parties.
The leased premises sustained roof damage during Hurricane Gustav. Ms. Biggs alleges that within a few hours of Hurricane Gustav passing over the area on September 1, the ceiling in her apartment began to leak and that she notified the apartment manager, Robert Williston, of the leak. In the middle of the night on September 2, 2008, a piece of the sheet-rock ceiling in |sMs. Biggs’ apartment fell, followed by another piece several hours later. That afternoon, Mr. Williston went out to the apartments to survey the damage. He had to move a tree downed by the storm in order to get to the apartments. Once there, he placed some felt paper that he had on hand on the damaged portions of the roof. At that time, he inspected all of the apartments, including Ms. Biggs’ apartment, and saw that some sheetrock had fallen. It did not appear to Mr. Williston at that time that any of the remaining sheetrock was waterlogged, damaged, or in danger of falling. Ms. Biggs alleges that she asked Mr. Williston whether she should vacate the premises, and Mr. Williston responded that that was unnecessary. On September 3, Mr. Willi-ston returned to the apartment building to re-secure some of the felt paper which had become loose during the continued wind and rain that followed the hurricane. Ms. Biggs alleges that Mr. Williston told her at that time that he could begin working on the ceiling on September 5. However, on September 4, a piece of the sheetrock ceiling in the kitchen of Ms. Biggs’ apartment fell, striking her on the head and shoulders and allegedly causing injury. Upon hearing of the accident, Mr. Williston went to the apartment, cleaned up debris from the fallen ceiling, and secured a piece of sheet-rock which was hanging from the ceiling with a two-by-four. At the time of the accident, electricity had not yet been restored and stores were not yet open in the area.
Ms. Biggs filed suit on September 3, 2009 against Ms. Cancienne, Mr. Williston, and Ms. Cancienne’s insurer, First Financial Insurance Company, for the injuries she allegedly sustained when the sheetrock fell on her. Defendants filed a motion for summary judgment, alleging that under the circumstances, with no electricity or supplies within a few days of Hurricane Gustav, there had not been a reasonable amount of time for repairs to have |4been *9 made before the accident occurred. The trial court agreed that under the circumstances surrounding the hurricane, the lessor had not had a reasonable amount of time within which to remedy the defect when the accident occurred. The court granted summary judgment in favor of the defendants, dismissing Ms. Biggs’ petition, and this appeal by Ms. Biggs followed.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B) (prior to amendment by 2012 La. Acts No. 257). In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558, p. 8 (La.App. 1 Cir. 5/4/07), 961 So.2d 404, 408, writ denied, 07-1123 (La.9/21/07), 964 So.2d 333. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Anglin v. Anglin, 05-1233, p. 5 (La.App. 1 Cir. 6/9/06), 938 So.2d 766, 769. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Fernandez, 06-1558 at 8, 961 So.2d at 408. Summary judgment is favored and “is designed to secure the just, speedy, and inexpensive determination of every action.” La. C.C.P. art. 966(A)(2).
|,Jn determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders, 96-1751 at 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (Rho Chapter), 96-2345, p. 6 (La.App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
A lessor warrants his lessee that the leased premises are suitable for the purpose for which they are leased and that they are free of vices and defects which prevent their use for that purpose; this warranty also extends to any vices or defects which arise after the delivery of the premises which are not attributable to the fault of the lessee. La. C.C. art. 2696. This warranty against vices and defects in the leased premises also encompasses vices and defects which are not known to the lessor; however, if the lessee knows of the vices or defects and fails to notify the lessor, the lessee’s recovery for breach of warranty may be reduced accordingly. La. C.C. art. 2697.
Louisiana Civil Code article 2699 provides that the warranty against vices and defects in leased premises may be waived by the lessee; however, this waiver may only be accomplished by clear and unambiguous language which is brought to the attention of the lessee. However, such a waiver is ineffective to the extent that it pertains to vices or defects of which the lessee did not know and the lessor knew or should have known; to the extent it is contrary to the provisions of La. C.C. art. *10 2004;[1] or, in a residential or |f,consumer lease, to the extent it purports to waive the warranty for vices or defects that seriously affect health or safety. La. C.C. art. 2699.
Louisiana Revised Statutes 9:3221 provides that notwithstanding the provisions of Article 2699, the owner of leased premises is not liable for injury caused by any defect therein to the lessee or anyone on the premises who derives his right to be thereon from the lessee, unless the owner knew or should have known of the defect or had received notice thereof and failed to remedy it within a reasonable time.
It is undisputed in this case that the lessor knew of the defect (the leaking roof and damaged sheetrock) in the leased premises. The defendants alleged that under the circumstances (no electricity, no supplies, stores closed), they did not have a reasonable amount of time in which to remedy the defect. In her opposition to the motion for summary judgment, Ms. Biggs offered an affidavit from James O’Donnell Ziler, an architect and co-owner of multi-family residential and commercial properties. Mr. Ziler’s affidavit offered his opinion that Mr. Williston should have performed a more thorough inspection of the apartment ceiling on September 2 and 3 and secured the existing sheetrock near the hole in the ceiling with two by fours (as he did after the accident on September 4) to support the ceiling and prevent more pieces from falling. The trial court based its decision to grant summary judgment in favor of the defendants on the fact that under the particular circumstances of this case, the lessor had not had a reasonable time within which to remedy the defect before Ms. Biggs was injured.
A motion for summary judgment is rarely appropriate for disposition of a case requiring judicial determination of subjective facts such as intent, motive, malice, good faith, or knowledge. Bilbo for Basnaw v. Shelter Insurance Company, 96-1476, p. 5 (La.App. 1 Cir. 7/30/97), 698 So.2d 691, 694, writ denied, 97-2198 (La.11/21/97), 703 So.2d 1312. Further, issues that require the determination of reasonableness of acts and conduct of parties under all facts and circumstances of the case cannot ordinarily be disposed of by summary judgment. Granda v. State Farm Mutual Insurance Company, 04-1722, pp. 4-5 (La.App. 1 Cir. 2/10/06), 935 So.2d 703, 707, writ denied, 06-0589 (La.5/5/06), 927 So.2d 326. In addition, questions of negligence are generally inappropriate for disposition by summary judgment. Stroder v. Horowitz, 34,048, p. 4 (La.App. 2 Cir. 12/20/00), 775 So.2d 1175, 1178; McGill v. Cochran Sysco Foods, Div. of Sysco Corp., 29,154, p. 2 (La.App. 2 Cir. 2/26/97), 690 So.2d 952, 953, writ denied, 97-0798 (La.5/1/97), 693 So.2d 730; and DeStevens v. Harsco Corp., 94-1183, p. 3 (La.App. 4 Cir. 3/16/95), 652 So.2d 1054, 1057.
Thus, while making no comment on the ultimate issue of whether the defendants had a reasonable amount of time within which to remedy the defect in the premises, we find that summary judgment on the issue of reasonableness was inappropriate in this matter.
CONCLUSION
The summary judgment appealed from is reversed. Costs of this appeal are assessed to defendants-appellees.
REVERSED.
*11 CARTER, C.J., concurs.
GUIDRY, J., concurs.

. Louisiana Civil Code article 2004 provides that any clause in a contract is null which, in advance, excludes or limits the liability of one party for intentional or gross fault that causes damage to the other party or for causing physical injury to the other party.