WHIPPLE, C.J.,
dissenting.
It The majority concludes that summary judgment was appropriate because the inconsistencies and issues of fact as raised by Morgan City in opposition to the motion for summary judgment are not determinative of whether there was compliance with OPLSA. I respectfully disagree.
Specifically, I find that the inconsistencies and issues of fact relate directly to the issue of whether or not the notice was reasonable. OPLSA does not only provide that notice must be given; the Act also provides that notice must be reasonable. See LSA-R.S. 45:143 (“such notice shall be reasonable, considering the work to be done.”) Issues that' require the determination of reasonableness of acts and conduct of parties under all facts and circumstances of the case canndt ordinarily be disposed of by summary judgment. Biggs v. Cancienne, 2012-0187 (La. App. 1st Cir. 9/21/12), 111 So.3d 6, 10.
As noted by the majority, Morgan City has raised issues of fact as to the sufficiency of the May notice, specifically, as to whether Morgan City was adequately informed of the construction work to be performed, the means and methods of construction, and what equipment would be used. These issues are clearly related to the reasonableness of the notice.
Moreover, it is undisputed that while notice was given in May and arrangements were made at this time, including the tying of “line guards” and the City using its bucket Truck to raise the power line while steel beams were installed at one corner of the building, this accident occurred in July, approximately two months after the notice, as steel panels were being installed on the outside of the ^building. Thus, on these bases ,-alone, inconsistencies and issues of fact remain as to whether or not there were subsequent notices and safety arrangements made between May and the subject incident in July. Without knowing the scope of the notice and/or.when such notice(s) were given, there is no record basis to detérmine the- “reasonableness” of the “notice.”
Accordingly, I respectfully disagree with the majority and conclude that the trial court erred in granting summary judgment and dismissing the claims against third-party defendants, • Legacy Construction Services and Redlron Construction, LLC. Thus, on the record as it presently exists, I would reverse the Trial court judgment and remand the matter to the trial court.